[990 NYS2d 834]

In the Matter of EDWARD I. YATKOWSKY, an Attorney, Resignor.

Second Department, August 13, 2014

## APPEARANCES OF COUNSEL

*Gary L. Casella, White Plains* (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

*Edward I. Yatkowsky*, White Plains, resignor pro se.

## OPINION OF THE COURT

Per Curiam.

Edward I. Yatkowsky (hereinafter the resignor) has submitted

an affidavit dated April 3, 2014, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). The resignor acknowledges in his affidavit that he is the subject of an investigation into his professional misconduct, wherein it is alleged that he: neglected a foreclosure action, which he was engaged to initiate by Walter Mycek and Joseph DiLeo, and knowingly misrepresented the status of the action to them; converted escrow funds which were entrusted to him as a third-party escrowee and fiduciary, in connection with the sale of a home from Gary Friedland to Dana Smythe; neglected a litigated foreclosure matter entrusted to him by Julius Cohn on behalf of Ezriel Kornel and Katherine Kornel; and failed to timely cooperate with the efforts of the Grievance Committee for the Ninth Judicial District to investigate the foregoing allegations, including its demands that he produce files and records pursuant to its request and/or a subpoena. He acknowledges that he could not successfully defend himself on the merits against disciplinary charges predicated upon the foregoing.

The resignor avers that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress by anyone. He is fully aware of the implications of submitting the resignation, including that he is barred from applying for reinstatement for a minimum period of seven years.

The resignor acknowledges that his resignation is submitted subject to any application that may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a) (a). He acknowledges the continuing jurisdiction of the Court to make such an order, which may be entered as a civil judgment against him, pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The resignor further acknowledges and agrees that, pending an order of the Court accepting his resignation, he will not take on any new clients or accept any new retainers for future legal services to be rendered; receive, hold, or deposit any additional escrow funds; or permit, allow, or participate in any further transactional activity in his attorney trust account(s) at Citibank, or any other financial institutions, other than those required to disburse funds already held therein, on behalf of clients or third parties, to those clients or third parties entitled to receive them.

The Grievance Committee recommends that the Court accept the resignor's proffered resignation and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the resignor is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the resignation of Edward I. Yatkowsky is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward I. Yatkowsky is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Edward I. Yatkowsky shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward I. Yatkowsky is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Edward I. Yatkowsky has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).